**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Eichenberger, | No. CV-14-00168-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Falcon Air Express Incorporated, | |
| Defendant. | |

The Court held a hearing on February 6, 2015. On the basis of the hearing and the record in this case, the Court has determined that it must enter default judgment against Defendant Falcon Air Express Incorporated.

The Court set a case management schedule for this case on August 26, 2014. Doc. 18. The order cautioned the parties that the deadlines established by the Court were real and that the Court would not, absent truly extraordinary circumstances, extend the schedule. *Id*. at 5.

A few months later, Defendant's counsel moved to withdraw. The Court set a hearing for December 19, 2014, and ordered a representative of Defendant to participate. The hearing was held as scheduled, and the general manager of Defendant, Nelson Ramiz, Jr., participated. Defense counsel stood by their motion to withdraw. The Court explained to Mr. Ramiz that a corporate defendant cannot appear in court without counsel, and that the Court would be required to enter a default judgment against Defendant if it did not find replacement counsel. Mr. Ramiz said he understood, and that

Defendant planned to locate replacement counsel promptly. The Court accordingly granted Defendant until January 23, 2015, for new counsel to appear.

The Court also discussed discovery issues. Defendant had not responded to written discovery served by Plaintiff. The Court extended the discovery response date to February 6, 2015, and advised Mr. Ramiz that the new defense counsel would need to be prepared to provide the requested documents and interrogatory answers by that date. The Court also told the parties it would hold a second case management conference on February 6, 2015, to adjust the remainder of the litigation schedule in light of the delay caused by the motion to withdraw and the failure to respond to discovery.

Although new counsel did appear for Defendant, that counsel promptly moved to withdraw. Doc. 29. Counsel's motion to withdraw explains that Defendant has failed to respond to counsel's repeated attempts to communicate regarding the case and the pending deadlines, leaving counsel unable to properly represent Defendants. *Id*. The Court promptly set a hearing on the motion to withdraw for February 6, 2015. Doc. 30. The Court specifically required Mr. Ramiz to appear by telephone at the hearing, directing him to call the Court's chambers before the hearing. *Id.*

Mr. Ramiz did not appear or participate in the hearing. The Court's staff tried to call him twice on a number used to reach him in the past, but received no answer. Staff left a message, but Mr. Rmiz never returned the call. Defense counsel stated during the hearing that he emailed a copy of the Court's order to Mr. Ramiz and emphasized his need to participate in the hearing. Defense counsel said he had received other responses from Mr. Ramiz, using the same email address, since he sent the email regarding the hearing, suggesting that Mr. Ramiz received the order. Counsel also sent a copy of the order to Mr. Ramiz by overnight mail so that he received if before the hearing.

Thus, the Court is faced with the following situation: Defendant clearly understands that it must be represented by counsel in federal court. Defendant clearly understands that default judgment will be entered if it is unrepresented. Defendant clearly understands that discovery was due on February 6, 2015, and that a second case

management conference was to occur on that day. And Mr. Ramiz was directly ordered by the Court to participate in the February 6 hearing.

Despite this knowledge, Mr. Ramiz failed to appear at the hearing as ordered, failed to provide the discovery due by February 6, and failed to communicate with counsel so as to enable counsel to litigate this case and participate in the second case management conference. Defendant did so knowing of counsel's motion to withdraw and knowing that the withdrawal would result in a default judgment being entered.

In addition to this situation, Plaintiff's counsel explained that he has another case pending against Defendant in this court, CV-14-2705 PHX NVW. Defendant recently has failed to appear in that case as well.

The Ninth Circuit has identified five factors that a district court must consider before dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). The first three factors favor entry of a default judgment in this case. This litigation has already been delayed by Defendant's problems with counsel and its failure to comply with discovery obligations; the Court cannot effectively manage its docket when a party presents repeated and rapid withdrawals of counsel and refuses to appear and participate in hearings when ordered; and Plaintiff is prejudiced when discovery receives no response and the case is delayed by Defendant's inaction. The Fourth factor, as always, weighs against default. The fifth factor urges caution, but when two counsel have withdrawn in the last two months, deadlines have been missed, and Defendant has disregarded a clear order to participate in a hearing, the Court is persuaded that additional steps would only result in further similar conduct. The Court accordingly finds that the relevant factors weigh in favor of default.

**IT IS ORDERED:**

1. Defense counsel's motion to withdraw (Doc. 29) is **granted**.

2. The Court will enter default judgment against Defendant.

3. Plaintiff shall, by **February 20, 2015**, submit a proposed form of judgment with evidence supporting the damages and other relief requested in the proposed order.

Dated this 9th day of February, 2015.

_____
David G. Campbell
United States District Judge