**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Eichenberger,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Falcon Air Express Incorporated,<br><br>　　　　　　　　Defendant. | No. CV-14-00168-PHX-DGC<br><br>**ORDER** |

　　　　On February 6, 2015, the Court notified the parties that it would enter a default judgment against Defendant Falcon Air Express Incorporated. Doc. 31. In an order dated February 9, 2015, the Court considered the Ninth Circuit's five-factor test and found that default judgment was appropriate in light of Defendant's failure to communicate with and retain counsel, Defendant's refusal to meet discovery deadlines, and Defendant's disregard of a Court order requiring a representative to appear at a hearing. Doc. 32. New counsel has appeared for Defendant and filed a motion to set aside the default judgment. Doc. 40. The Court will deny the motion.

**I.   Background.**

　　　　Plaintiff Lori Eichenberger formerly worked for Defendant Falcon Air. Doc. 1, ¶ 7. After Defendant terminated her employment, she complained of discrimination to the Equal Employment Opportunity Commission and received a notice of right to sue. *Id.*, ¶¶ 49-50. On January 29, 2014, she filed this lawsuit. *Id.* She alleged that a fellow employee at Falcon Air had sexually harassed her, Falcon Air had fired her for

complaining about the harassment, and Falcon Air had not paid her for all the hours she had worked. *Id.*, ¶¶ 51-111. She brought claims under Title VII of the Civil Rights Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and the Arizona Wage Act. *Id.*

At first, the case proceeded normally. Service was executed, a motion to dismiss was filed, and a scheduling conference was held. On August 26, 2014, the Court entered a case management order setting the deadline for fact discovery as April 24, 2015. Doc. 18. The order cautioned the parties that "the Court intends to enforce the deadlines set forth in this Order, and [the parties] should plan their litigation activities accordingly." *Id.* The parties served initial disclosures and Plaintiff served her first set of interrogatories and a request for production of documents. Docs. 19-22.

On November 26, 2014, defense counsel moved to withdraw, citing irreconcilable differences and possible conflicts. Doc. 23. The Court set a hearing for the motion on December 19, 2014. As ordered by the Court, defense counsel appeared at the hearing as did Nelson Ramiz, general manager for Falcon Air, who appeared by phone.

The Court advised Mr. Ramiz that Falcon Air could not appear without counsel in the litigation. It has been the law for more than a century that corporations and other business entities cannot appear without counsel in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). The Court cautioned Mr. Ramiz as follows: "if Falcon Air is not represented in this case, a default judgment will be entered against Falcon Air." Court's Livenote Transcript, 12/19/14. When Mr. Ramiz stated that Falcon Air intended to retain new counsel, the Court set a deadline of January 23, 2015 for new counsel to appear. The Court then provided this caution: "If there is not new counsel who appears by January 23rd, then I'm going to enter a default judgment. Is that understood?" *Id.* Mr. Ramiz responded "Yes sir." *Id.* Because Falcon Air had not responded to Plaintiff's written discovery requests, and because new counsel would be entering the case, the Court set a deadline of February 6, 2015 for the Falcon Air's discovery responses, and set a case management conference on

that date to adjust the litigation schedule in light of new counsel's appearance. Before concluding the hearing, the Court confirmed on the record Mr. Ramiz's role as general manager for Falcon Air. *Id.*

Attorney Scott Blaney appeared as counsel for Falcon Air on January 20, 2015, but he filed a motion to withdraw only two weeks later. Doc. 29. He stated in the motion that irreconcilable differences and conflicts had arisen between him and Falcon Air and, significantly, that "Falcon Air failed to respond to Blaney Law's repeated attempts to communicate regarding the case and pending deadlines, leaving Blaney Law unable to properly represent Falcon Air." *Id*. Because this unexpected withdrawal further threatened the efficient resolution of this case, the Court set a hearing for February 6 – the date of the already-existing discovery deadline and case management conference – and specifically directed that **"**Nelson Ramiz, Jr., General Manager of Falcon Air Express, shall appear by telephone at the hearing. Mr. Ramiz shall call the Court's chambers no later than 1:55 p.m. on February 6, 2015 to be connected to the hearing." Doc. 30.

The order directed defense counsel to provide prompt notice of the hearing to Mr. Ramiz. He did so. Mr. Blaney sent an e-mail to Mr. Ramiz on February 4, 2015, which enclosed the Court's order and which opened with this paragraph:

> I have attached for your records a copy of our Motion to Withdraw. I have also attached a copy of the court's order regarding this Friday's hearing. **Please read it carefully as it requires you to call into the hearing on Friday**.

Doc. 47-1 at 56 (emphasis in original). Defense counsel also sent Mr. Ramiz a copy of the Court's order by overnight mail. Mr. Ramiz did not participate in the hearing.

On February 9, 2015, the Court entered an order granting new defense counsel's motion to withdraw and informing the parties that the Court will enter a default judgment against Defendant. Doc. 32. The Court explained that default judgment was appropriate for the following reasons:

The Court set a case management schedule for this case on August 26, 2014. Doc. 18. The order cautioned the parties that the deadlines established by the Court were real and that the Court would not, absent truly extraordinary circumstances, extend the schedule. *Id*. at 5.

A few months later, Defendant's counsel moved to withdraw. The Court set a hearing for December 19, 2014, and ordered a representative of Defendant to participate. The hearing was held as scheduled, and the general manager of Defendant, Nelson Ramiz, Jr., participated. Defense counsel stood by their motion to withdraw. The Court explained to Mr. Ramiz that a corporate defendant cannot appear in court without counsel, and that the Court would be required to enter a default judgment against Defendant if it did not find replacement counsel. Mr. Ramiz said he understood, and that Defendant planned to locate replacement counsel promptly. The Court accordingly granted Defendant until January 23, 2015, for new counsel to appear.

The Court also discussed discovery issues. Defendant had not responded to written discovery served by Plaintiff. The Court extended the discovery response date to February 6, 2015, and advised Mr. Ramiz that the new defense counsel would need to be prepared to provide the requested documents and interrogatory answers by that date. The Court also told the parties it would hold a second case management conference on February 6, 2015, to adjust the remainder of the litigation schedule in light of the delay caused by the motion to withdraw and the failure to respond to discovery.

Although new counsel did appear for Defendant, that counsel promptly moved to withdraw. Doc. 29. Counsel's motion to withdraw explains that Defendant has failed to respond to counsel's repeated attempts to communicate regarding the case and the pending deadlines, leaving counsel unable to properly represent Defendants. *Id*. The Court promptly set a hearing on the motion to withdraw for February 6, 2015. Doc. 30. The Court specifically required Mr. Ramiz to appear by telephone at the hearing, directing him to call the Court's chambers before the hearing. *Id*.

Mr. Ramiz did not appear or participate in the hearing. The Court's staff tried to call him twice on a number used to reach him in the past, but received no answer. Staff left a message, but Mr. Ramiz never returned the call. Defense counsel stated during the hearing that he emailed a copy of the Court's order to Mr. Ramiz and emphasized his need to participate in the hearing. Defense counsel said he had received other responses from Mr. Ramiz, using the same email address, since he sent the email regarding the hearing, suggesting that Mr. Ramiz received the order. Counsel also

>sent a copy of the order to Mr. Ramiz by overnight mail so that he received if before the hearing.
>
>Thus, the Court is faced with the following situation: Defendant clearly understands that it must be represented by counsel in federal court. Defendant clearly understands that default judgment will be entered if it is unrepresented. Defendant clearly understands that discovery was due on February 6, 2015, and that a second case management conference was to occur on that day. And Mr. Ramiz was directly ordered by the Court to participate in the February 6 hearing.
>
>Despite this knowledge, Mr. Ramiz failed to appear at the hearing as ordered, failed to provide the discovery due by February 6, and failed to communicate with counsel so as to enable counsel to litigate this case and participate in the second case management conference.  Defendant did so knowing of counsel's motion to withdraw and knowing that the withdrawal would result in a default judgment being entered.

Doc. 32 at 1-3.  The Court entered default judgment after considering the five factors set forth in *Dreith v. Nu Image, Incorporated*, 648 F.3d 779, 788 (9th Cir. 2011).

**II.   Legal Standard.**

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Because the Court has not yet entered default judgment, the Court construes Defendant's motion as a motion to set aside an entry of default under Rule 55(c).  The Ninth Circuit employs a three-part test for deciding whether a party has shown "good cause" for setting aside a default: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party had no meritorious defense; and (3) whether setting aside the default would prejudice the other party.  *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004); *see also United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015).  "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

### III. Analysis.

Defendant argues that all three factors favor setting aside the default.[1] Plaintiff's response focuses solely on the first factor and argues that Defendant engaged in culpable conduct. A party's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001)).

The Court finds that Mr. Ramiz, general manager and representative for Defendant Falcon Air, engaged in culpable conduct. Mr. Ramiz has submitted an affidavit in which he states: "I did not know that I was required to attend the hearing regarding Mr. Blaney's withdrawal on February 6, 2015, until after the hearing had already taken place." Doc. 40-1, ¶ 20. This statement is not credible. Mr. Ramiz admits that he received his counsel's email two days before the hearing. The email included a copy of the Court's order requiring Mr. Ramiz, by name, to appear by phone at the hearing. The email then stated: "**Please read [the order] carefully as it requires you to call into the hearing on Friday**." Doc. 47-1 at 49 (emphasis in original).

Mr. Ramiz states that he "assumed that Mr. Blaney meant that Falcon Air had to be represented" because he "had never personally been required to call into a hearing in any other Falcon Air cases in Arizona or elsewhere." Doc. 40-1, ¶ 19. This statement is not credible. First, the Court required Mr. Ramiz to participate by phone in the December 19, 2014 hearing on his previous counsel's motion to withdraw, and Mr.

---

[1] Defendant also argues that the Court did not properly apply the Ninth Circuit's five-factor test for deciding whether default judgment was appropriate. Specifically, Defendant argues that the Court did not adequately address the risk of prejudice to the party seeking sanctions and the availability of less drastic sanctions. The Court disagrees. Plaintiff was prejudiced when Defendant failed to produce documents, delayed the case by having two successive counsel withdraw, and then failed to appear at a hearing and case management conference on February 6, 2015 as ordered. "Failure to produce documents as ordered . . . is considered sufficient prejudice." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The Court considered the availability of less drastic sanctions and found them futile because of Plaintiff's refusal to follow court orders. Although the Court did not specifically implement alternative sanctions before ordering default judgment, this is not required when the Court anticipates continued misconduct. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116-17 (9th Cir. 2004).

Ramiz did in fact participate in that hearing by phone. It is simply false for Mr. Ramiz to assert that he had never been required to participate in a hearing by phone in the past.[2] Second, Mr. Ramiz does not explain how he thought Falcon Air could be "represented" at the hearing – which concerned a motion by its counsel to withdraw – by the very lawyer who was seeking to withdraw. To the contrary, Mr. Ramiz knew from the December 19, 2014 hearing that a representative of Falcon Air was required to discuss the withdrawal of counsel and the other deadlines that were missed.

What is more, the Court had specifically informed Mr. Ramiz at the December hearing that a corporation cannot appear without counsel and that a default judgment would be entered against Falcon Air if new counsel did not appear to represent it. Mr. Ramiz confirmed on the record that he understood. The Court set a firm deadline (January 23, 2015) by which new counsel had to appear, a deadline for Falcon Air to provide overdue discovery responses (February 6, 2015), and a new case management conference to adjust the schedule in light of new counsel's appearance (February 6, 2015). Mr. Ramiz was on the phone throughout this entire discussion.

Although a new attorney did appear, he promptly moved to withdraw because Falcon Air would not communicate with him. Doc. 29. Having participated in the December hearing, Mr. Ramiz certainly understood the seriousness of the discovery and case management deadlines, and yet failed to communicate with counsel so those deadlines could be met. He also understood from the hearing that withdrawal of his new attorney would result in the same situation Falcon Air faced in December (default judgment) and would make impossible the case management conference the Court had set. And yet, despite being directly ordered by the Court to participate by phone in the hearing (as he had in December), and after being told by his attorney in an email – in

---

[2] Falcon Air asserts in its reply memorandum that Mr. Ramiz "flew across the country" to attend the December hearing in person (Doc. 47 at 6), but this too is wrong. As the transcript of the hearing clearly shows, Mr. Ramiz appeared by phone. *See* Court's Livenote Transcript, 12/19/14 ("The Court: Good morning. And who do we have on the phone? Mr. Ramiz: Nelson Ramiz representative of Falcon Air Express from Miami."). There are several other references in the transcript to Mr. Ramiz being on the phone.

- 7 -

1  bold type – that he was required to participate, Mr. Ramiz failed to respond.  There is no
2  explanation for Mr. Ramiz's conduct "inconsistent with a . . . willful . . . failure to
3  respond."  *TCI Group*, 244 F.3d at 698.  The Court accordingly finds that he engaged in
4  culpable conduct.  As noted above, Mr. Ramiz's culpable conduct is a sufficient reason to
5  deny Defendant's motion.  *Mesle*, 615 F.3d at 1091.[3]

**IT IS ORDERED:**

1. Defendant motion to set aside the default (Doc. 40) is **denied**.
2. The Court will enter default judgment by separate order.

Dated this 11th day of June, 2015.

_____
David G. Campbell
United States District Judge

---

[3] The parties argue over whether Mr. Ramiz, who is a law school graduate, is a "legally sophisticated party" who should be held to higher standards, whether Defendant engaged in culpable conduct in other cases, and whether Defendant's failure to meet discovery deadlines was the fault of counsel.  Plaintiff asks for an evidentiary hearing to assess the culpability of Defendant's conduct.  Because the Court finds that Mr. Ramiz engaged in culpable conduct, the Court finds it unnecessary to order an evidentiary hearing or to address these other issues.  Falcon Air agrees that an evidentiary hearing is not needed.  Doc. 47 at 2.